## Groenke v. Groenke

*Robert G. Kleckner*, for libellant.

RENO, P. J., February 29, 1932.—If there was a desertion, which is doubtful, it occurred in New York on June 19, 1927. Testifying on December 31, 1931, the libellant swore that she had not seen her husband since the alleged desertion, "couldn't reach him," and did not know his address. The testimony indicates that he never was a resident of Pennsylvania. Curiously enough, the alias subpœna was served upon him at Fifth and Hamilton Streets, Allentown, Pa., on October 19, 1929. We should like to be advised how the respondent happened to be in Allentown, and at Fifth and Hamilton Streets, where the courthouse is located; how the sheriff secured knowledge of the respondent's presence at Fifth and Hamilton Streets; how the sheriff satisfied himself that the party upon whom he served the process was the respondent and such other information as will remove the suspicion that the service was collusive. Since leave will be granted for the purpose of taking testimony, the libellant may wish to improve the opportunity by offering additional evidence upon the question of the desertion.

Now, February 29, 1932, the case is recommitted to the master with leave to take additional testimony and with instructions to file a supplemental report.

### Opinion on supplemental report

RENO, P. J., September 26, 1932.—The additional testimony does not satisfactorily inform us how it happened that the respondent was served with the subpœna. He was served by the deputy sheriff near the courthouse, and as it now appears that deputy sheriff was advised by another deputy that respondent was there. The other deputy received her information from a party whom we judicially recognize as an employe in the office of libellant's counsel. Thus, instead of clarifying the question, the additional testimony adds a new vexation. It obliges us to insist upon an explanation of all the circumstances surrounding the service of the subpœna. We must know how counsel's employe, or, for that matter, counsel, knew that respondent was near the courthouse. Is it not at least passing strange that respondent should be in the vicinity of the courthouse long enough for counsel's employe to see one deputy and for that deputy to communicate her information to another? Such loitering seems to be too accommodating.

We are not saying that service upon a New York respondent at or near our courthouse constitutes collusion. There may be cases where even a voluntary appearance at the sheriff's office and an acceptance of service there are innocent acts. But when application is made for a divorce for causes occurring out-

side of Pennsylvania against a respondent not residing here and the record shows service upon him at or near the courthouse, and, as now appears, upon information furnished by counsel's employe, we must insist upon a full, frank and explicit disclosure of all the circumstances which made such an unusual occurrence possible.

In order that there may be full opportunity to present this explanation, we are again referring the case to the master.

Now, September 26, 1932, the case is recommitted to the master with leave to take additional testimony and for a supplemental report.

From Edwin L. Kohler, Allentown, Pa.